**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4751**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JAMES RODRIKUS MCGOWAN,

        Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., District
Judge.  (6:06-cr-00989-HMH)

Submitted:  February 28, 2008     Decided:  March 3, 2008

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. Alan Lance Crick, Assistant United
States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, James Rodrikus McGowan was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000). The district court sentenced McGowan to 78 months in prison. McGowan timely appealed. McGowan's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), identifying no meritorious grounds for appeal but questioning whether the district court erred by denying McGowan's Fed. R. Crim. P. 29 motion for judgment of acquittal. McGowan was advised of his right to file a pro se supplemental brief but he has not done so.

We review de novo a district court's decision to deny a Rule 29 motion for judgment of acquittal. United States v. Smith, 451 F.3d 209, 216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). In evaluating the sufficiency of the evidence, this court "do[es] not review the credibility of the witnesses and assume[s] the jury resolved all contradictions in the testimony in favor of the government." United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002). The court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all

reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

In order to convict McGowan under § 922(g)(1), the Government had to establish that (1) McGowan had been previously convicted of a felony, (2) McGowan knowingly possessed the firearm, and (3) the possession was in or affecting interstate or foreign commerce. See United States v. Gilbert, 430 F.3d 215, 218 (4th Cir. 2005), cert. denied, 127 S. Ct. 58 (2006). McGowan stipulated to the first element at trial. Viewing the evidence in the light most favorable to the Government and resolving all contradictions in the testimony in favor of the Government, the evidence showed that McGowan dropped an object in the bushes. When the object was investigated, it turned out to be a stocking cap wrapped around gloves and a pistol. McGowan's DNA was on the gloves, and the firearm had traveled in interstate commerce. In addition, a witness had seen McGowan with a firearm earlier in the day. We conclude that jurors could reasonably convict McGowan on this evidence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm McGowan's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further

review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED